**Felipe MEDINA, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 13462.**

United States District Court,
D. Connecticut.

June 21, 1971.

Harvey L. McCormick, Kansas City, Mo., for plaintiff.

Stewart H. Jones, U. S. Atty., and Leslie Byelas, Asst. U. S. Atty., Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (Supp. V, 1965–1969) (the Act), to review a decision of defendant Secretary of Health, Education and Welfare (the Secretary) denying plaintiff's claim for disability insurance benefits based on an application for such benefits filed March 14, 1968.

Cross-motions for summary judgment, Rule 56(b), Fed.R.Civ.P., have been filed by both parties. The motions are based upon the complaint, answer, motion papers, supporting briefs, and the full record of proceedings before the Social Security Administration relating to plaintiff's application for disability insurance benefits.

The question presented is whether, based on the record, the decision of the Secretary is supported by substantial evidence. 42 U.S.C. § 405(g) accords conclusive finality to "the findings of the Secretary as to any fact, if supported by substantial evidence . . . ." See Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964); Snyder v. Ribicoff, 307 F.2d 518 (4 Cir. 1962).

For reasons stated below, the Court holds that there is substantial evidence to support the Secretary's decision and that he is entitled to summary judgment as a matter of law. Accordingly, the Secretary's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

## JURISDICTION

Jurisdiction is based on Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (Supp. V, 1965–1969).

## FACTS

Plaintiff was born October 17, 1939. The alleged disability occurred March 15, 1967.

On March 14, 1968, plaintiff filed an application for the establishment of a period of disability under Section 216(i) of the Act, 42 U.S.C. § 416(i), and for entitlement to disability insurance benefits under Section 223 of the Act, 42 U.S.C. § 423.

The Social Security Administration denied this application on May 31, 1968, having determined that plaintiff did not meet the special coverage requirement of the Act for disability insurance purposes. Upon plaintiff's request for reconsideration, the administration affirmed its denial.

Plaintiff filed a request for a hearing before a hearing examiner. A hearing was held March 27, 1969. On May 19, 1969, the hearing examiner filed a decision that plaintiff was entitled to the benefits for which he had applied.

On June 18, 1969, the Appeals Council of the Social Security Administration, on its own motion, decided to review the decision of the hearing examiner. The Appeals Council reviewed the entire record and on August 13, 1969, filed a decision that plaintiff did not have an insured status under the Act for disability purposes and therefore reversed the decision of the hearing examiner.

The decision of the Appeals Council is the final decision of the Secretary to be reviewed herein.

## OPINION

Eligibility for disability insurance benefits under the Act is dependent upon the number of yearly quarters in which the claimant reports earnings from either employment or self-employment.[1] An individual is not entitled to the establishment of a period of disability, 42 U.S.C. § 416(i), or to the payment of monthly disability insurance benefits, 42 U.S.C. § 423, unless he has the required number of quarters of "insured status", i. e. quarters in which earnings have been reported. 42 U.S.C. §§ 416(i) (3) (B) (i)–(ii) and 423(c) (1) (B) (i)–(ii) state that one comes within the insured status (i) if the claimant reports earnings from employment or self-employment for not less than 20 quarters during the 40 quarter period ending with the quarter in which the disability occurred, *or* (ii) if the disability quarter occurs before the claimant attains age 31, the claimant reports earnings from employment or self-employment for more than one-half of the quarters beginning with the first quarter after the claimant attained age 21 and ending with the quarter in which the disability occurred.

Plaintiff's employment earning records, as compiled by the Social Security Administration, indicate the following quarters of coverage: 1960—4 quarters; 1964—2 quarters; 1966—4 quarters; 1967—1 quarter. This totals 11 quarters of insured status. At the hearing before the examiner, plaintiff introduced delinquent self-employment income tax returns (filed the day before the hearing) for the years 1957 through 1965. Recognizing that unreported income, such as that recorded in the delinquent income tax returns, is subject to a 3 year, 3 month, 15 day statute of limitations, 42 U.S.C. § 405(c) (1) (B), from the year of the unreported income, the hearing examiner awarded plaintiff 4 quarters of insured status for the year 1965.[2] Thus, the hearing examiner held that plaintiff had a total of 15 quarters of insured status. The examiner concluded that plaintiff's 15 quarters would not meet the requirements of 42 U.S.C. §§ 416(i) (3) (B) (i) and 423(c) (1) (B) (i).[3] The examiner concluded, however, that 15 quarters of insured status would qualify plaintiff for disability benefits under 42 U.S.C. §§ 416(i) (3) (B) (ii) and 423(c) (1) (B) (ii); and, since plaintiff was 27 years of age during the quarter of disability, that his 15 quarters of insured status would be greater than the requisite 12 quarters,[4] thereby entitling him to disability insurance benefits.

Upon review, the Appeals Council concluded that plaintiff held an insured status for only 11 of the requisite 12 quarters under the tests of 42 U.S.C. §§ 416(i) (3) (B) (ii) and 423(c) (1)

1. 42 U.S.C. § 413(a) (2) defines "quarter of coverage" as any "quarter in which the individual has been paid $50 or more in wages . . . or for which he has been credited . . . with $100 or more of self-employment income."

2. In 1965, plaintiff reported gross farm income of $999 and net self-employment income of $854. 42 U.S.C. § 411(b) confers upon plaintiff 4 quarters of coverage for this income.

3. 15 quarters of insured status is substantially less than the required 20. The finding that plaintiff is not entitled to benefits under 42 U.S.C. §§ 416(i) (3) (B) (i) and 423(c) (1) (B) (i) has not been challenged and therefore is not within the scope of this Court's review.

4. 42 U.S.C. §§ 416(i) (3) (B) (ii) and 423(c) (1) (B) (ii) state that if an individual is disabled before the age of 31, he is entitled to disability benefits if ". . . not less than one-half of the quarters during the period ending with the quarter in which such month occurred [the quarter of disability] and beginning after he attained age 21 were quarters of coverage . . .". January 1, 1961 (the first quarter after plaintiff attained age 21) and ending with March 31, 1967 (the quarter of disability) encompass 25 quarters. If the number of quarters is an odd one, the number shall be reduced by one. 42 U.S.C. §§ 416(i) (3) and 423(c) (1). Therefore, plaintiff would have to have at least 12 quarters (one-half of 24) to qualify for disability payments.

(B) (ii). The Appeals Council properly ruled that the number of quarters of insured status under those statutes must be determined from the quarter beginning after the attainment of age 21 and ending with the quarter of disability. Since plaintiff attained age 21 in October, 1960, the first quarter after he reached age 21 began on January 1, 1961. The quarter of disability ended on March 31, 1967. Thus, the Appeals Council determined that plaintiff is entitled to insured status for the following quarters: 1964—2 quarters; 1965—4 quarters; 1966—4 quarters; 1967—1 quarter; and, accordingly, that plaintiff had only 11 quarters of insured status, one short of the requisite 12.

█  In his instant motion for summary judgment, plaintiff requests the Court to consider two additional sources of earnings which he asserts would raise his total to 12 quarters of coverage. As noted above, the Court's scope of review is a very limited one, namely, whether the Secretary's denial of disability benefits was supported by substantial evidence. The Court concludes that there was substantial evidence to support the conclusion that plaintiff was not entitled to disability insurance benefits due to an insufficient number of quarters of insured status. Indeed, both the hearing examiner and the Appeals Council relied upon the *exact* same evidence. The hearing examiner, however, credited plaintiff with 4 quarters of coverage in 1960. The Appeals Council ruled that any quarters of coverage in 1960 could not be used to calculate the total quarters of insured status under the tests embodied in 42 U.S.C. §§ 416(i) (3) (B) (ii) and 423(c) (1) (B) (ii). Those sections of the Act clearly state that an individual disabled before age 31 must have insured status in quarters which total " . . . not less than one-half of the quarters during the

period ending with the quarter in which such month occurred [the quarter of disability] and beginning *after* he attained age 21 . . . ." (Emphasis added.) As the first quarter beginning after plaintiff turned age 21 started on January 1, 1961, any quarters of insured status coverage in 1960 cannot be utilized to calculate the total number of quarters of insured status.

The conclusion of the Secretary was based upon substantial evidence. Accordingly, the Court need not consider the additional evidence of earnings claimed by plaintiff in support of his motion for summary judgment. In the interest of completeness, however, the Court will briefly discuss plaintiff's claims.

██  First, plaintiff asserts that he should be credited with an additional $24 of earnings for the year 1964.[5] This appears to be income from agricultural employment. As noted above, the 3 year, 3 month, 15 day statute of limitations, 42 U.S.C. § 405(c) (1) (B), can be circumvented as to unreported earnings included in an income tax return filed within the limitations period. 42 U.S.C. § 405(c) (4) (C). Also, the statute of limitations can be circumvented if a claim for benefits is filed within the limitation period. 42 U.S.C. § 405(c) (5) (A). It is clear, however, that the additional earnings of $24 was never included in any income tax return; the delinquent tax return for 1964 covered only self-employment income. Similarly, the provisions of 42 U.S.C. § 405(c) (5) (A) make it discretionary on the Secretary's part whether to include unreported earnings in the earnings of any individual. The additional $24 was part of the record before the hearing examiner and the Appeals Council. The Appeals Council, in its discretion, refused to credit plaintiff with the additional $24

---

5. In 1964, plaintiff was credited for 2 quarters with $284.51 in reported agricultural earnings. The additional $24 is crucial in that it would raise his $284.51 total to $308.51. 42 U.S.C. § 413(a) (2) (iv), in relevant part, states that income derived from agricultural labor will

receive the following quarter credits: $200 but less than $300—2 quarters; $300 but less than $400—3 quarters. Thus, the $24 would raise plaintiff's 1964 agricultural earnings to over the $300 level, thereby entitling him to an extra quarter.

of earnings in 1964. Whatever the Appeals Council's reason for that refusal, "the Secretary, and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his." Thomas v. Celebrezze, *supra*, at 543.

Secondly, plaintiff asserts that he is entitled to additional quarters of coverage due to workmen's compensation payments made to him in 1967 because of the injury which disabled him.[6] This assertion can be disposed of by noting that the period for calculating quarters of insured status *ends* during the quarter in which the disability occurred. 42 U.S.C. §§ 416(i) (3) (B) (ii) and 423(c) (1) (B) (ii). As plaintiff was disabled in March, 1967, the disability quarter ended on March 31, 1967. Thus, plaintiff would be entitled to only one quarter of coverage in 1967 for which he has already received credit.

### ORDER

ORDERED that

(1) Plaintiff's motion for summary judgment is denied.

(2) Defendant's motion for summary judgment dismissing the complaint is granted.

---

6. The hearing examiner specifically concluded that plaintiff's injuries constitute disability. As the Appeals Council's decision was based upon plaintiff's insuf-ficient quarters of coverage, it expressly declined to find that plaintiff was disabled. The Court makes no finding upon the issue of disability.